## Marc Sherwood, Defendant in Error, v. F. O. Smolt et al., M. W. Sheafe, Plaintiff in Error.

### Gen. No. 20,423.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. JOHN A. DOWDALL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed April 12, 1916. Rehearing denied April 26, 1916.

### Statement of the Case.

Bill in chancery by Marc Sherwood, complainant, against F. O. Smolt, M. W. Sheafe, Ulric King, the American-Mexico Mining & Developing Company, a corporation, G. V. Penwell, J. E. Morris and Fred Matters, defendants, to declare and enforce an express trust imposed on certain personal property to secure the payment of a loan made to the defendant corporation, which fund came into the hands of defendants Sheafe and Smolt. To reverse a decree that defendant Sheafe pay complainant the sum of $7,725, such defendant prosecutes this writ of error.

JOHN F. HIGGINS, for plaintiff in error.

CHARLES HUDSON, for defendant in error.

*See Illinois Notes Digest, Vols. XI to. XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1270*—*when presumed that there is sufficient evidence to sustain findings of facts in decree.* Where the record in the Appellate Court in a suit in equity contains no certificate of evidence, it will be presumed that there was sufficient evidence to sustain the finding of facts recited in the decree, and the only question on appeal in such case is whether or not there is a sufficient finding of facts to sustain the decree.

2. EQUITY, § 515*—*when finding of facts sufficient to sustain decree.* On a bill in equity to declare and enforce against certain personal property of a mining corporation an express trust for money loaned to it by its president for smelting ore, it being agreed that the proceeds of the ore should be held by the company as a trust fund for the payment of the loan, where a decree in favor of the complainant made a finding of the following facts as its basis: That at the time of making the agreement defendants were in direct control of the affairs of the mine, and had charge of the output and reduction of the ore; that defendants represented that it was for the interest of the corporation to smelt the ore already mined, and requested the loan, which plaintiff and others accordingly made; that on completion of the smelting operation complainant applied to the officers of the corporation for an accounting and payment, which defendants from time to time promised to make, putting complainant off with promises and representations, up to and including the time of the decree, *held* that the finding warranted the reasonable inference that the court also found as a fact that the act of defendants in making the agreement was either authorized or ratified by the company.

3. EQUITY, § 515*—*when decree for payment of money by officers of corporation warranted by finding.* In a suit in equity to declare and enforce an express trust against certain personal property for money loaned to a mining corporation on an agreement made by its officers that the proceeds of certain sales of smelted ore should be held as a trust fund for the payment of the debt to which bill such officers were made parties, a decree that such officers pay a sum of money to complainant is warranted by a finding that the certain sums were collected from the sale of the ore by a defendant, who remitted it to another defendant, and that the two dissipated such fund, or a large portion of it, such fund coming into the hands of such defendants as a trust fund for plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. APPEAL AND ERROR, § 734*—*when affidavits may not be considered on review of decrees on petition to set aside decree in equity.* Affidavits attached to a verified petition to set aside a decree in equity, or affidavits filed after the filing of such petition, cannot be considered on review unless it appears from the record that such affidavits were considered by the court below in passing on the motion to vacate the decree.

5. APPEAL AND ERROR, § 734*—*when record must contain affidavits in support of motion to vacate decree in equity.* The fact as to whether the court below, in passing upon a motion to vacate a decree in a suit in equity, considered affidavits filed in support of such motion, or attached to the petition, can only be made to appear by making such affidavits part of the record certified to by the judge who heard the cause.

6. APPEAL AND ERROR, § 1268*—*when action of court in overruling motion to vacate decree presumed correct.* On review of a decree in a suit in equity, where there is no certificate to show that any affidavits were considered by the court in overruling a motion to vacate the decree, such action must be presumed to be correct.

7. APPEAL AND ERROR, § 855*—*what certificate of evidence must contain.* Affidavits filed in support of or attached to a verified petition for the vacation of a decree in equity are not part of the record on review unless preserved by a certificate of evidence.

8. APPEAL AND ERROR, § 855*—*what certificate of evidence must contain.* A verified petition for the vacation of a decree in equity is in the nature of an affidavit, and is not part of the record on review unless preserved in the certificate of evidence signed by the trial court.

9. EQUITY, § 56*—*when objection by defendant that plea of codefendant not disposed of without merit.* In a bill to enforce an express trust, where there were several defendants, one of whom rested on a plea to the jurisdiction without answering, an objection by another defendant that the plea was not disposed of *held* without merit.

10. EQUITY, § 399*—*when objection of defendant that codefendant not served without merit.* In a bill to enforce an express trust, where there were several defendants, an objection by one of them that another was not served *held* without merit.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.